LAW OFFICES OF

# CICHANOWICZ, CALLAN, KEANE, VENGROW & TEXTOR, LLP

**61 BROADWAY, SUITE 3000**
**NEW YORK, N.Y. 10006-2802**

PAUL M. KEANE
STEPHEN H. VENGROW†
JAMES M. TEXTOR*
JOSEPH F. DE MAY, JR.
RANDOLPH H. DONATELLI#
PATRICK MICHAEL DeCHARLES II†
_____
JESSICA A. DE VIVO♧

TELEPHONE: (212) 344-7042
TELEFAX: (212) 344-7285
TELEFAX: (212) 344-3988
E-MAIL:JIMTEX@CCKVT.COM

A.J. MARINO
OF COUNSEL
_____

BYRON KING CALLAN
(1914-1992)
VICTOR S. CICHANOWICZ
(1918-1989)

†ALSO ADMITTED TO DISTRICT OF
   COLUMBIA, MAINE & NEW JERSEY
*ALSO ADMITTED TO PENNSYLVANIA
#ALSO ADMITTED TO GEORGIA
†ALSO ADMITTED TO NEW JERSEY & TEXAS
♧ALSO ADMITTED TO NEW JERSEY

January 10, 2014

**EMAIL**

Hon. Andrew L. Carter, Jr.
United States District Court
Southern District of New York
40 Foley Square, Room 435
New York, New York 10007
ALCarterNYSDChambers@nysd.uscourts.gov

      Re:    **Astra Oil Company LLC v. Hydro Syntec Chemicals, Inc.;**
              **U.S.D.C., Southern District of New York, 13-CV-8395 (ALC)**

Your Honor,

We are attorneys for plaintiff/petitioner in the above captioned matter.  We write in partial opposition to the January 10, 2014 letter application made by counsel for defendant/respondent.

The withdrawal of attorneys is governed by Local Civil Rule 1.4 which says:

"An attorney who has appeared as attorney of record for a party may be relieved or displaced only by order of the Court and may not withdraw from a case without leave of the Court granted by order.  Such an order may be granted only upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal or displacement and the posture of the case, including its position, if any, on the calendar, and whether or not the attorney is asserting a retaining or charging lien. All applications to withdraw must be served upon the client and (unless excused by the Court) upon all other parties."

Opposing counsel is listed on the docket sheet as counsel of record and, having previously applied to the Court in writing as attorneys for an extension of time for their clients, it is hard to imagine that they have not appeared in the action.  They have not complied with Rule 1.4 in that opposing counsel:

(1)   Have not applied for leave to withdraw.   They are attempting to unilaterally withdraw without judicial approval and have simply asked for a further extension of time for their client to obtain new counsel.  And,

(2)   They have not moved by affidavit.

Hon. Andrew L. Carter, Jr.                                        January 10, 2014
                                                                      Page 2

Moreover, a default by a party is not grounds for granting the defaulting party an extension.  Opposing counsel says in its letter, "We do not know why the client has not contacted us."  Without some good cause (and counsel admits they do not know of one), there is no ground for granting defendant/respondent an extension of time.

While we do not object to a substitution of counsel that will not change the January 17, 2014 return date, it would be unfair to reward an apparently dilatory party by delaying proceedings further on account of its inaction.

Moreover, if as appears almost certain, defendant/respondent fails to appear on the return date or submit opposing papers, we respectfully request leave of Court to proceed to a judgment without having to comply with Rules 2 and 3 of the Court's Rules for Default Judgments which is Attachment A to its Individual Rules. We request this relief for the following reasons:

(1)     This is not a true default.  Defendant appeared in the case and will simply not have opposed the petition to confirm.

(2)     The merits of the case have already been reviewed and determined by an arbitral panel.

(3)     Defendant, having engaged attorneys to represent it, has obviously received notice of the proceeding and presumably been given a legal opinion of its counsel as to the merits of its defense.

(4)     Defendant has closed its business and is in the process of liquidating whatever assets it has.  Undue delay from complying with an order to show cause hearing would prejudice plaintiff/petitioner's likelihood of recovery.

In any event, if the Court is inclined to allow opposing to be relieved, then to avoid prejudice to plaintiff/petitioner, we ask that they be kept in the case solely to serve as agent for service of process, pleadings, and papers herein on defendant/respondent.

                              Very truly yours,

                              CICHANOWICZ, CALLAN, KEANE,
                              VENGROW & TEXTOR, LLP

                              James M. Textor

Hon. Andrew L. Carter, Jr.                                    January 10, 2014
                                                                      Page 2

cc:     **<u>BY ECF & EMAIL</u>**
        Judith A. Lockhart, Esq.
        Carter Ledyard & Milburn LLP
        2 Wall Street
        New York, New York 10005-2072
        lockhart@clm.com


JMT/kc