Judith A. Lockhart, Esq.
Michael H. Bauscher, Esq.
CARTER LEDYARD & MILBURN LLP
2 Wall Street
New York, New York
Tel.: (212) 732-3200
Lockhart@clm.com
Bauscher@clm.com

*Attorneys for Respondent Hydro Syntec Chemicals, Inc.*

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ASTRA OIL COMPANY LLC, | |
| Petitioner, | Civil Action No. 13-CV-8395-ALC |
| v. | Filed Electronically |
| HYDRO SYNTEC CHEMICALS, INC., | |
| Respondent. | **Affidavit of David Tsang** |

**DAVID TSANG**, being duly sworn, deposes and says:

1. I am the Chief Operating Officer for respondent Hydro Syntec Chemicals, Inc. ("HSC") As Chief Operating Officer, I am responsible for overseeing the operations of HSC. I make this Affidavit on my own personal knowledge, and if called to testify, I would testify in conformance with this affidavit.

2. While I was not initially directly involved with the transactions at issue in the dispute between HSC and Astra Oil Company LLC ("Astra"), I became involved once payment and other issues arose, and became familiar with the transactions through discussions with, among others, broker Kevin Callahan and Sam Wong, who are no longer employed by HSC, and review of relevant documents related to the transactions.

3. The initial document that Astra refers to as a "contract" is a "Purchase Confirmation" unilaterally prepared by Astra and sent to Mr. Callahan on September 7, 2012. While the e-mail sent by Astra that attached this contract requested confirmation of receipt of the contract, HSC never confirmed receipt of the contract, let alone agreed to its terms. Having said that, this "contract" does not contain an arbitration provision. Although this alleged contract required Astra to make payment within 30 days, no such payment was ever received by HSC.

4. The second document Astra alleges is a "contract" is a document entitled "Agreement for Sale and Purchase of Benzene," e-mailed to Mr. Callahan on October 22, 2012. While this "contract" contains a purported arbitration provision, it was never signed by Astra or HSC and I have seen no e-mails from Mr. Callahan or anyone else at HSC acknowledging receipt of this contract, let alone acceptance of its terms. Attached as Exhibit A is a copy of the apparent e-mail to Mr. Callahan with the unsigned document Astra refers to as a "contract."

5. Based on documentation filed in an action in Oregon seeking to attach property owned by HSC, the basis for Astra's position that it agreed to the contract is an e-mail from Mr. Callahan stating on October 23, 2012 that he is "ok, with the book but if I may suggest the effective date the 26th. Let me know if you are ok with the date." A copy of this e-mail is attached as Exhibit B.

6. As set forth at the bottom of Exhibit B, Mr. Callahan's e-mail was in response to an Astra e-mail that asked for "acceptance of the above book out/title transfer by return e-mail." As shown in Exhibit B, the "above book out" described in Astra's e-mail simply listed the gallons, the product, the location and the effective date. It said nothing about price.

7. I note that the Exhibit A alleged "contract" references an actual delivery of product, and references a quantity in barrels, rather than gallons, and bears a date of October 22, 2012, rather than the effective date of the book-out identified in Astra's e-mail of October 23, 2012. I point this out to emphasize that Mr. Callahan's e-mail refers only to the book-out described in Astra's e-mail, and not the alleged "contract". In our industry, a book out contract stands on its own as a separate contract.

8. Astra's e-mail regarding the book-out does not identify the price of the book-out, and although Astra contends in later e-mails that the amount is $999,600, there was never an agreement by HSC to pay this amount. Additionally, with respect to the book-out, there was never any agreement to payment terms or method of payment, never any agreement to arbitrate, and never an agreement on any terms other than those set forth in Exhibit B.

David Tsang

Sworn to before me this 23 day of January, 2014

Notary Public

OFFICIAL SEAL
KATHY FAYE KUDRNA
NOTARY PUBLIC-OREGON
COMMISSION NO. 447635
MY COMMISSION EXPIRES MARCH 27, 2014

# EXHIBIT A

Ortiz, Carlos

| | |
|---|---|
| From: | Farmer, Debbie |
| Sent: | Monday, October 22, 2012 6:37 PM |
| To: | 'Kevin Callahan (kcallahan@hydrosyntec.com)'; '19175440652@lscgms.com' |
| Cc: | CONTRACT-PETCHEMS |
| Subject: | #p#Astra ref: 84856-4873 |
| Attachments: | F:\Astra Oil Co Houston\PETROCHEMICAL\Contract Templates\Lot 4873 Oct 2012\84856-4873 Hydro Syntec DDP Oct BZ Sale.pdf |

Attached please find our contract 84856-4873.

Thanks and best regards,

Debbie Farmer
Operations

Astra Oil Company LLC
5718 Westheimer, Suite 1800
Houston, Texas 77057

713-357-0650 - office
713-557-9061 - cell
dfarmer@astraoil.com
petchem@astraoil.com (Petchem group email)
ethanol@astraoil.com (Ethanol group email)

Debbie Farmer

1

**ASTRA OIL COMPANY LLC**

301 Main Street, Suite 201 ♦ Huntington Beach, California 92648
Telephone 714-969-6559 ♦ Fax 714-969-8687 ♦ Telex 6736788 ♦ Email houstonops@astraoil.com

OCTOBER 22, 2012

AGREEMENT FOR SALE AND PURCHASE OF BENZENE
OUR CONTRACT REF : 84856-4873
YOUR CONTRACT REF : PLEASE ADVISE

THIS AGREEMENT IS MADE BETWEEN HYDRO SYNTEC CHEMICALS INC. (BUYER) AND ASTRA OIL COMPANY LLC (SELLER) ON OCTOBER 22, 2012.

(1) SELLER:
    ASTRA OIL COMPANY LLC
    301 MAIN STREET, SUITE 201
    HUNTINGTON BEACH, CALIFORNIA  92648

(2) BUYER:
    HYDRO SYNTEC CHEMICALS INC
    101 SW MAIN ST
    SUITE 900
    PORTLAND OREGON  97204

(3) PRODUCT:
    BENZENE IN BULK

(4) QUANTITY/TOLERANCE: 20,000 BARRELS +/- 5%,  SELLER'S OPTION.

    QUANTITY TO BE DETERMINED AT DISPORT BY INDEPENDENT INSPECTOR MUTUALLY
    AGREED UPON WITH COST SHARED EQUALLY.

    QUANTITY TO BE BASED ON SHORE TANK FIGURES AT THE DISPORT.  ALL
    DELIVERING SYSTEMS ARE TO CONFIRM TO ASTM/API STANDARDS APPLICABLE FOR
    CUSTODY TRANSFERS AND CLOSING MEASUREMENTS ARE TO BE ABOVE THE CRITICAL
    ZONE BY HAVING ROOFS FLOATING FREELY.

    IN THE EVENT THAT SHORE TANK FIGURES ARE TO BE USED, A LINE DISPLACEMENT,
    AS PER ASTM/API STANDARDS IS TO BE PERFORMED.  SHOULD SHORE SYSTEMS NOT
    COMPLY WITH SUCH STANDARDS, OR LINE DISPLACEMENTS IS NOT PERFORMED,
    QUANTITY SHALL BE DETERMINED BY BARGE'S LOADED QUANTITY WITH VEF APPLIED,
    IF AVAILABLE.

    IN THE EVENT OF A BOOK OUT, INVENTORY TRANSFER DOCUMENT SHALL BE THE
    QUANTITY DOCUMENT OF RECORD.

(5) QUALITY:
    PRODUCT SHALL MEET THE SPECIFICATIONS AS PER ASTM D2359 AND MEETING THE
    FOLLOWING SPECIFICATIONS:

    TOLUENE <500 PPM
    DIOXANE <10 PPM

(6) SHIPPING DETAILS:

    DELIVERED VIA SELLER'S NOMINATED BARGE / VESSEL OR SUB DURING OCTOBER 1-
    31, 2012,  (BOTH DATES INCLUSIVE).  SELLER MUST PROVIDE 5 WORKING DAY
    NOTICE.  NOTICE MUST BE RECEIVED PRIOR TO NOON C.S.T. TO BE CONSIDERED DAY

**ASTRA OIL COMPANY LLC**

301 Main Street, Suite 201 ♦ Huntington Beach, California 92648
Telephone 714-969-6569 ♦ Fax 714-969-8687 ♦ Telex 6736788 ♦ Email houstonops@astraoil.com

1 (ONE). IF NOTICE RECEIVED AFTER NOON C.S.T. DAY 1 (ONE) BEGINS FOLLOWING WORK DAY.

BUYER'S BARGE / VESSEL NOMINATION OR VESSEL SUBSTITUTION SHALL BE SUBJECT TO THE BUYERS AND RECEIVING TERMINAL'S ACCEPTANCE, HOWEVER SUCH ACCEPTANCE SHALL NOT BE UNREASONABLY WITHHELD.

(7) PRICE:

U.S. DOLLARS $5.35   PER GALLON, FIXED AND FIRM, DDP HOUSTON / TEXAS CITY, TEXAS.

(8) PRICE BASIS:

THE INVOICE QUANTITY SHALL BE BASED ON RECEIVING SHORE TANK UPGAUGE QUANTITY AS ESTABLISHED BY INDEPENDENT INSPECTOR AT DISPORT PORT.

(9) PAYMENT:

PAYMENT DUE 15 CALENDAR DAYS FROM DISCHARGE DATE IN U.S. DOLLARS, WITHOUT DEDUCTION, DISCOUNT OR OFFSET OF ANY KIND, AGAINST PRESENTATION OF SELLER'S COMMERCIAL INVOICE AND SUPPORTING DOCUMENTATION (SURVEYOR REPORT).

PAYMENT FALLING DUE ON A SUNDAY OR A MONDAY BANK HOLIDAY IN NEW YORK SHALL BE MADE ON THE FIRST BANKING DAY FOLLOWING. PAYMENT FALLING DUE ON A SATURDAY OR ANY OTHER BANKING HOLIDAY IN NEW YORK SHALL BE MADE ON THE LAST BANKING DAY PRIOR TO DUE DATE.

BUYER AGREES TO PAY VIA WIRE TRANSFER TO SELLER'S BANK AS INDICATED ON THE INVOICE. ALL BANK COSTS AT BUYER'S BANK FOR BUYER'S ACCOUNT AND ALL BANK COSTS AT SELLER'S BANK FOR SELLER'S ACCOUNT.

ANY AMOUNT PAYABLE BY BUYER TO SELLER HEREUNDER, IF NOT PAID WHEN DUE, SHALL ACCRUE INTEREST FROM THE DUE DATE UNTIL THE DATE PAYMENT IS MADE BY BUYER, CALCULATED AS PER THE PRIME RATE IN EFFECT AT THE OPENING OF BUSINESS ON THE DUE DATE AT "JP MORGAN CHASE" BANK PRINCIPAL OFFICE IN NEW YORK, USA, PLUS TWO PERCENT; UNLESS SUCH DAY IS DIRECTLY CAUSED BY THE SELLER.

(10) CREDIT:

BUYER AGREES TO ACCOMMODATE SELLER'S CREDIT POLICY, INCLUDING BUT NOT LIMITED TO ISSUANCE OF A LETTER OF CREDIT AND/OR PRE-PAY IF REQUESTED. LETTER OF CREDIT TO BE IN A FORMAT AND FROM A BANK ACCEPTABLE TO SELLER.

(11) LAYTIME/DEMURRAGE:

PAYABLE AT THE CHARTER PARTY RATE, TERMS AND CONDITIONS, EXCEPT TIME BAR. IF THE BARGE IS TIME CHARTERED, DEMURRAGE RATE SHALL BE BASED ON THE CURRENT MARKET RATE OF A SIMILAR SIZE BARGE ON A SIMILAR VOYAGE. ANY PORT EXPENSES, INCLUDED BUT NOT LIMITED TO ANCHORAGE DUES OR AGENCY FEES, WHICH ARE ATTRIBUTABLE TO EXCESS WAITING TIME IN PORT, SHALL BE FOR BUYERS ACCOUNT.

 **ASTRA OIL COMPANY LLC**

301 Main Street, Suite 201 ♦ Huntington Beach, California 92648
Telephone 714-969-6569 ♦ Fax 714-969-8607 ♦ Telex 6736788 ♦ Email houstonops@astraoil.com

(12) INSPECTION:

SELLER TO APPOINT A MUTUALLY ACCEPTABLE INDEPENDENT INSPECTOR AT DISPORT TO ASCERTAIN QUALITY AND QUANTITY IN ACCORDANCE WITH THE SAMPLING AND TESTING METHODS IN THE MANNER CUSTOMARY AT THE DISCHARGE TERMINAL.

CERTIFICATES OF QUALITY AND QUANTITY AS ISSUED/COUNTERSIGNED BY INDEPENDENT INSPECTOR AT DISPORT SHALL BE CONCLUSIVE AND BINDING FOR BOTH PARTIES EXCEPT IN CASE OF FRAUD, OMISSION OR MANIFEST ERROR.

INSPECTION COST TO BE SPLIT EQUALLY BETWEEN ALL PARTIES.

(13) INSURANCE:

NOT APPLICABLE

(14) TITLE AND RISKS:

TITLE AND RISKS TO PRODUCT SHALL PASS FROM SELLER TO BUYER AS THE PRODUCT PASSES THE CONNECTION BETWEEN THE BARGES'S MANIFOLD AND THE FLANGE OF THE DELIVERING SHORE LINE.

(15) FORCE MAJEURE:

(A) IF EITHER PARTY IS RENDERED UNABLE BY FORCE MAJEURE TO FULLY COMPLY OR IN PART WITH ANY OBLIGATION OR CONDITION OF THIS CONTRACT, UPON SUCH PARTY'S GIVING WRITTEN NOTICE TO THE OTHER PARTY OF SUCH FORCE MAJEURE WITHIN FORTY-EIGHT (48) HOURS AFTER RECEIVING NOTICE THEREOF, SUCH PERFORMANCE OR COMPLIANCE SHALL BE SUSPENDED DURING THE CONTINUANCE OF THE INABILITIES SO CAUSED AND SUCH PARTY SHALL BE RELIEVED OF LIABILITY AND SHALL SUFFER NO PREJUDICE FOR FAILURE TO PERFORM THE SAME DURING SUCH PERIOD. IN THE EVENT THAT THE SAID PERIOD OF SUSPENSION OF PERFORMANCE SHALL CONTINUE IN EXCESS OF THIRTY (30) CALENDAR DAYS, THIS CONTRACT MAY, AT THE OPTION OF EITHER PARTY, BE CANCELLED WITHOUT LIABILITY OF EITHER PARTY.

(B) AS USED HEREIN, THE TERM ''FORCE MAJEURE'' SHALL INCLUDE BY WAY OF EXAMPLE AND NOT IN LIMITATION, FIRE, WARS OF BELLIGERENT ACTION, RIOTS OR COMMOTIONS, ACTS OF GOD, NAVIGATIONAL ACCIDENTS, VESSEL DAMAGE OR LOSS, ACCIDENTS AT OR CLOSING OF NAVIGATION OR TRANSPORTATION MECHANISM, STRIKES, GRIEVANCES OR ACTIONS BY OR AMONG WORKERS, LOCK-OUTS OR OTHER LABOUR DISTURBANCES, EXPLOSIONS OR ACCIDENTS TO WELLS, PIPELINES, STORAGE DEPOTS, REFINERY FACILITIES, MACHINERY AND OTHER FACILITIES, ACTIONS OF ANY GOVERNMENT OR BY ANY PERSON PURPORTING TO PRESENT A GOVERNMENT, OR OTHER CAUSES NOT REASONABLY WITHIN THE CONTROL OF THE RESPECTIVE PARTIES.

(C) NEITHER PARTY SHALL BE ENTITLED TO THE BENEFIT OF THE PROVISIONS OF THIS ARTICLE UNDER EITHER, OR BOTH OF THE FOLLOWING CIRCUMSTANCES (i) TO THE EXTENT THE FAILURE TO PERFORM WAS CAUSED BY THE SOLE OR CONTRIBUTORY NEGLIGENCE OF THE PARTY CLAIMING EXCUSE; OR (ii) TO THE EXTENT THE FAILURE TO PERFORM WAS CAUSED BY THE PARTY CLAIMING EXCUSE HAVING FAILED TO REMEDY THE CONDITION AND TO RESUME THE PERFORMANCE OF SUCH COVENANTS OR OBLIGATIONS WITH REASONABLE DISPATCH.

(16) LAW AND ARBITRATION:

 **ASTRA OIL COMPANY LLC**

301 Main Street, Suite 201 ♦ Huntington Beach, California 92648
Telephone 714-969-6569 ♦ Fax 714-969-8687 ♦ Telex 6736788 ♦ Email houstonops@astraoil.com

THIS CONTRACT SHALL BE GOVERNED BY THE LAWS OF THE STATE OF NEW YORK, FEDERAL AND APPLICABLE LAW OF THE UNITED STATES AND THE US FEDERAL ARBITRATION ACT, AS APPROPRIATE.

ANY AND ALL DIFFERENCES AND DISPUTES OF WHATSOEVER NATURE ARISING OUT OF THIS CONTRACT SHALL BE REFERRED TO ARBITRATION BEFORE A BOARD OF THREE (3) PERSONS AT NEW YORK CITY, CONSISTING OF ONE (1) ARBITRATION TO BE APPOINTED BY EACH OF THE PARTIES HERETO, AND THE THIRD ARBITRATOR BY THE TWO SO CHOSEN. THEIR DECISION OR THAT OF ANY TWO OF THEM SHALL BE FINAL, AND FOR THE PURPOSE OF ENFORCING ANY AWARD, THIS AGREEMENT MAY BE MADE A RULE OF THE COURT. EITHER PARTY HERETO MAY CALL FOR SUCH ARBITRATION BY SERVICE UPON ANY OFFICER OF THE OTHER, WHEREVER HE/SHE MAY BE FOUND, OF A WRITTEN NOTICE SPECIFYING NAME AND ADDRESS OF THE ARBITRATOR CHOSEN BY THE FIRST MOVING PARTY AND A BRIEF DESCRIPTION OF THE DISPUTES OR DIFFERENCES WHICH SUCH PARTY DESIRES TO PUT TO ARBITRATION. IF THE OTHER PARTY SHALL NOT, BY NOTICE SERVED UPON AN OFFICER OF THE FIRST MOVING PARTY WRITING TWENTY (20) DAYS OF THE SERVICE OF SUCH FIRST NOTICE, APPOINT ITS ARBITRATOR TO ARBITRATE THE DISPUTE OR DIFFERENCES SPECIFIED, THEN THE FIRST MOVING PARTY SHALL HAVE THE RIGHT WITHOUT FURTHER NOTICE TO APPOINT A SECOND ARBITRATOR, WHO SHALL BE A DISINTERESTED PERSON WITH PRECISELY THE SAME FORCE AND EFFECT AS IF SAID SECOND ARBITRATOR HAS BEEN APPOINTED BY THE OTHER PARTY., IN THE EVENT THAT THE TWO ARBITRATORS FAIL TO APPOINT A THIRD ARBITRATOR WITHIN TWENTY (20) DAYS OF THE APPOINTMENT OF THE SECOND ARBITRATOR, EITHER ARBITRATOR MAY APPLY TO ANY COURT HAVING JURISDICTION FOR THE APPOINTMENT OF THE THIRD ARBITRATOR.

THE PROCEEDINGS SHALL BE CONDUCTED IN ACCORDANCE WITH THE RULES OF THE SOCIETY OF MARITIME ARBITRATORS, INC. OF NEW YORK, THIRD EDITION 2003.

AWARDS MADE IN PURSUANT TO THIS CONTRACT MAY INCLUDE COST, INCLUDING A REASONABLE ALLOWANCE FOR ATTORNEY'S FEES, AND JUDGMENT MAY BE ENTERED UPON ANY AWARD MADE HEREUNDER IN ANY COURT HAVING JURISDICTION IN THE PREMISES. ARBITRATORS HAVE JURISDICTION OVER THIS CONTRACT TO RENDER SPECIFIC PERFORMANCE. THE PARTIES AGREE THAT THE UNITED NATIONS CONVENTION ON CONTRACTS FOR INTERNATIONAL SALES OF GOODS SHELL NOT IN ANY WAY APPLY TO, OR GOVERN, THIS AGREEMENT.

NOTWITHSTANDING ANYTHING CONTAINED HEREIN TO THE CONTRARY, SHOULD THE SUM CLAIMED BY EACH PARTY NOT EXCEED $50,000 (EXCLUSIVE OF INTEREST ON THE SUM CLAIMED, COST OF THE ARBITRATION , AND LEGAL EXPENSES) THE DISPUTE IS TO BE GOVERNED BY THE SHORTENED ARBITRATION PROCEDURE OF THE SOCIETY OF MARITIME ARBITRATORS, INC OF NEW YORK, AS DEFINED IN THE SOCIETY CURRENT RULES FOR SUCH PROCEDURE; IF THE PARTIES ARE UNABLE TO MUTUALLY AGREE FOR THE APPOINTMENT OF ONE SOLE ARBITRATOR AS REQUIRED FOR THE SHORTENED ARBITRATION PROCEDURE, ON TEN (10) DAYS NOTICE OT THE OTHER PARTY, THE PARTIES AGREE TO ALLOW THE PRESIDENT OF THE SMA TO APPOINT THE SOLE ARBITRATOR.

(17) TAXES:
ALL TAXES, DUTIES AND INSPECTION FEES, NOW OR HEREAFTER IMPOSED BY FEDERAL, STATE OR LOCAL GOVERNMENT, IN RESPECT TO OR MEASURED BY PRODUCTS DELIVERED HEREUNDER OR THE MANUFACTURE, STORAGE, DELIVERY, RECEIPT, EXCHANGE OR INSPECTION THEREOF, SHALL BE FOR THE ACCOUNT OF THE

 **ASTRA OIL COMPANY LLC**

301 Main Street, Suite 201 ♦ Huntington Beach, California 92648
Telephone 714-969-6569 ♦ Fax 714-969-8687 ♦ Telex 6736788 ♦ Email houstonops@astraoil.com

RECEIVING BUYER, AND SUCH RECEIVING BUYER SHALL REIMBURSE THE DELIVERING PARTY, UPON RECEIPT OF INVOICE THEREFORE FOR ANY SUCH TAXES, DUTIES OR FEES LEGALLY REQUIRED TO BE PAID BY SUCH RECEIVING PARTY IN RESPECT OF THE PRODUCT IT DELIVERED BY IT. IF BUYER IS ENTITLED TO PURCHASE PRODUCTS FREE OF ANY TAX, FEE OR CHARGE, THE SELLER SHALL FURNISH TO BUYER PROPER EXEMPTION CERTIFICATES TO COVER SUCH PURCHASES.

(18) MARINE PROVISIONS:

IF THIS AGREEMENT PROVIDES THAT THE PRODUCT WILL BE DELIVERED FROM OR INTO A VESSEL OR BARGE, THE STANDARD MARINE PROVISIONS OF THE OPERATOR OF THE PORT LOADING FACILITY SHALL APPLY AND SHALL BE INCORPORATED HEREIN BY THIS REFERENCE.

(19) WARRANTIES:

EXCEPT FOR THE WARRANTY OF TITLE, IF APPLICABLE, NO CONDITIONS OR WARRANTIES EXPRESSED OR IMPLIED, OF MERCHANTABILITY, FITNESS OR SUITABILITY OF THE OIL FOR ANY PARTICULAR PURPOSE OR OTHERWISE, ARE MADE BY SELLER OTHER THAN THAT THE PRODUCT CONFORMS WITHIN ANY TOLERANCES STATED, TO THE DESCRIPTION STATED HEREIN.

THE EXECUTION AND DELIVERY AND PERFORMANCE OF THIS AGREEMENT DOES NOT AND WILL NOT VIOLATE OR CONFLICT WITH ANY LAW OR REGULATION APPLICABLE TO IT, ANY PROVISION OF ITS CONSTITUENT DOCUMENTS ANY ORDER OR JUDGMENT OF ANY COURT OF OTHER AGENCY OF GOVERNMENT APPLICABLE TO IT OR ANY OF ITS ASSETS OR ANY CONTRACTUAL RESTRICTIONS BINDING ON OR AFFECTING IT OR ANY OF ITS PROPERTY.

(20) ASSIGNMENT:

NEITHER BUYER NOR SELLER MAY ASSIGN THE WHOLE OR ANY PART OF ITS RIGHTS AND OBLIGATIONS HEREUNDER DIRECTLY OR INDIRECTLY WITHOUT PRIOR WRITTEN CONSENT OF THE OTHER PARTY. SUCH CONSENT SHALL NOT BE UNREASONABLY WITHHELD.

(21) NOTICES:

ALL NOTICES INVOICES AND OTHER COMMUNICATIONS UNDER THIS AGREEMENT SHALL BE DEEMED GIVEN THE DATE OF THE ADDRESSEE'S RECEIPT THERE OF AND SHALL BE GIVEN ONLY BY WIRE TRANSFER, EMAIL, OR FAX RECEIPT.

(22) EVENTS OF DEFAULT:

THE OCCURRENCE AT ANY TIME WITH RESPECT TO EITHER PART OF ANY OF THE FOLLOWING EVENTS CONSTITUTES AN EVENT OF DEFAULT WITH RESPECT TO SUCH PARTY ("DEFAULTING PARTY). THE DEFAULTING PARTY:

 **ASTRA OIL COMPANY LLC**

301 Main Street, Suite 201 ♦ Huntington Beach, California 92648
Telephone 714-969-6569 ♦ Fax 714-969-8687 ♦ Telex 6736788 ♦ Email houstonops@astraoil.com

(A) IS IN BREACH OF ANY WARRANTY OR REPRESENTATION IN SECTION 17 OR ANY REPRESENTATION IS NOT TRUE AT THE TIME OF ENTERING INTO THIS AGREEMENT.

(B) BECOMES INSOLVENT, IS UNABLE TO PAY ITS DEBTS AS THEY FALL DUE, STOPS, SUSPENDS OR THREATENS TO STOP OR SUSPEND PAYMENT OF ALL MATERIAL PART OF ITS DEBTS, FILES OR CONSENTS BY ANSWER TO THE FILING AGAINST IT OF ANY PETITION OR CASE SEEKING RELIEF UNDER BANKRUPTCY OR SIMILAR INSOLVENCY LAW.

(C) PROPOSES TO MAKE AN ASSIGNMENT OR AN ARRANGEMENT OR COMPOSITION WITH OR FOR THE BENEFIT OF ITS CREDITORS

(D) FAILS TO PERFORM, OBSERVE OR COMPLY WITH ANY OTHER MATERIAL TERM, COVENANT OR PROVISION CONTAINED IN THIS AGREEMENT AND THE FAILURE CONTINUES FOR ONE (1) DAY AFTER THE DEFAULTING PARTY'S RECEIPT OF WRITTEN NOTICE OF SUCH FAILURE FROM THE NON-DEFAULTING PARTY OR

(D) BREACHES ANY PROVISION OF ANY OTHER AGREEMENT BETWEEN BUYER AND SELLER, INCLUDING WITHOUT LIMITATION FAILURE TO PAY FOR ANY OTHER PRODUCT SOLD TO BUYER BY SELLER UNDER ANY SUCH AGREEMENT AS AND WHEN DUE, TIME BEING OF THE ESSENCE. THE OTHER PARTY ("NON-DEFAULTING PARTY") MAY SEND WRITTEN NOTICE TO THE DEFAULTING PARTY TERMINATING THIS AGREEMENT IMMEDIATELY UPON RECEIPT OF THAT NOTICE BY THE DEFAULTING PARTY. NOTWITHSTANDING THE TERMINATION OF THIS AGREEMENT BY SELLER AS THE RESULT OF AN EVENT OF DEFAULT BY BUYER, BUYER SHALL BE LIABLE FOR ALL DAMAGES ARISING FROM ANY DEFAULT, INCLUDING WITH OUT LIMITATION (A) THE PURCHASE PRICE OF ALL PRODUCT ACTUALLY DELIVERED TO BUYER UNDER THIS AGREEMENT; AND (B) DAMAGES CAUSED BY THE FAILURE OF BUYER TO PURCHASE PRODUCT THAT IT WAS CONTRACTUALLY COMMITTED TO PURCHASE UNDER THIS AGREEMENT.

(23) SELLER'S RIGHT TO DEMAND REASONABLE ASSURANCES:

SELLER SHALL HAVE THE ABSOLUTE RIGHT TO DEMAND REASONABLE ASSURANCES OF BUYER'S ABILITY TO PERFORM IS SELLER RECEIVES INFORMATION FROM ANY SOURCE THAT SELLER DEEMS RELIABLE INDICATING THAT BUYER IS ENCOUNTERING MATERIAL FINANCIAL DIFFICULTIES, HAS BECOME INSOLVENT, IS NOT MEETING ALL OF ITS MATERIAL OBLIGATIONS AS OR WHEN DUE, OR IS IN VIOLATION OF ANY OF THE COVENANTS OR REPRESENTATIONS CONTAINED IN THIS AGREEMENT OR ANY OTHER AGREEMENT BETWEEN BUYER AND SELLER. IF SELLER DEMANDS REASONABLE ASSURANCES OF BUYER'S ABILITY TO PERFORM, SUCH ASSURANCES SHALL BE PROVIDED WITHIN ONE BUSINESS DAY AFTER BUYER'S RECEIPT OF SELLER'S DEMAND. IF BUYER FAILS TO PROVIDE ASSURANCES THAT SELLER DEEMS TO BE ADEQUATE WITHIN ONE BUSINESS DAY OF BUYER'S RECEIPT OF SELLER'S DEMAND, SELLER SHALL HAVE THE ABSOLUTE RIGHT TO TERMINATE THIS AGREEMENT BY WRITTEN NOTICE, AND BUYER SHALL HAVE NO RIGHT AFTER RECEIPT OF THAT NOTICE TO CURE. IN THE ALTERNATIVE, SELLER MAY SUSPEND ALL FURTHER DELIVERIES UNDER THIS AGREEMENT UNTIL A REASONABLE PERIOD OF TIME AFTER SELLER RECEIVES REASONABLE ASSURANCES. SELLER SHALL HAVE THE RIGHT IN ITS SOLE DISCRETION TO DETERMINE WHICH REMEDY TO ELECT AND TO DETERMINE WHAT ASSURANCES ARE REASONABLE.

(24) DESTINATION:

THE FOLLOWING CLAUSE IS A CONDITION OF THIS CONTRACT.

Exhibit A to Tsang Affidavit
Page 7 of 10



**ASTRA OIL COMPANY LLC**

301 Main Street, Suite 201 ♦ Huntington Beach, California 92648
Telephone 714-969-6569 ♦ Fax 714-969-8687 ♦ Telex 6736788 ♦ Email houstonops@astraoil.com

"UNITED STATES LAW PROHIBITS DISPOSITION OF THE GOOD SUBJECTED TO THIS CONTRACT TO NORTH KOREA, CUBA AND TO OR REPRESENTATIVES OF SUBJECTS THEREOF AND THE SHIPMENTS OF GOODS ON ANY VESSEL WHICH FLAG IS OWNED, CONTROLLED BY OR RELATED TO ANY SUCH COUNTRY, ITS REPRESENTATIVES OR SUBJECTS. IF THE GOODS ARE OF UNITED STATES ORIGIN, IRAQ AND LIBYA SHALL BE INCLUDED IN THE LIST ABOVE LIST.

BUYER ACKNOWLEDGES HIS UNDERSTANDING THAT THE SANCTION OF THE DENIAL OF TRADING PRIVILEGES IN USA EXPORTS MAY BE IMPOSED FOR VIOLATION OF THIS EXPORT
OF THIS EXPORT REGULATION.

(25) COMPLIANCE:

BUYER RECOGNIZES THAT US LAW OR REGULATIONS MAY PROHIBIT DELIVERY OF PRODUCT TO RESTRICTED DESTINATIONS OR ENTITIES AND BUYER AGREES THAT IT SHALL NOT CAUSE OR PERMIT PRODUCT SOLD HEREUNDER TO BE DELIVERED TO ANY SUCH DESTINATION OR ENTITY. FURTHER BUYER RECOGNIZES THAT SELLER CANNOT COOPERATE WITH, AGREE TO, OR COMPLY WITH ANY TERMS OR REQUEST, INCLUDING DOCUMENTARY REQUEST, WHICH ARE PROHIBITED OR PENALIZED UNDER ANY US ANTI-BOYCOTT LAWS OR REGULATIONS.

(26) LIMITED LIABILITY:

IN ANY EVENT, SELLER SHALL NOT BE LIABLE FOR INDIRECT, INCIDENTAL OR CONSEQUENTIAL DAMAGES RESULTING FROM THE SALE, PURCHASE EXCHANGE, TRANSPORTATION OR DELIVERY OF PRODUCTS UNDER THIS CONTRACT FOR ANY PUNITIVE, EXEMPLARY OR MULTIPLE DAMAGES, ALL OF WHICH ARE EXPRESSLY EXCLUDED AND LIMITED UNDER THIS CONTRACT.

(27) CLAIMS:

ANY AND ALL CLAIMS, INCLUDING WITHOUT LIMITATION ALL CLAIMS BASED ON A SHORTAGE IN QUANTITY OR QUALITY, SHALL BE MADE BY THE CLAIMING PARTY IN WRITING TO THE OTHER PARTY WITHIN 90 (NINETY) DAYS AFTER DELIVERY AND SHALL INCLUDE DOCUMENTATION SUPPORTING THE CLAIM. IF NO SUCH WRITTEN NOTICE OF CLAIM IS RECEIVED WITHIN 90 (NINETY) DAYS AFTER DELIVERY OF THE PRODUCT TO THE BUYER, ANY SUCH CLAIM SHALL BE DEEMED WAIVED.

(28) EPA COMPLIANCE

SELLER AND BUYER EACH WARRANTS THAT IT HAS BEEN COMPLIED WITH ALL APPLICABLE      FEDERAL, STATE OR LOCAL ENVIRONMENTAL LAWS AND REGULATIONS, INCLUDING WITHOUT LIMITATION ALL LAWS AND REGULATIONS GOVERNING THE SPECIFICATIONS AND CHARACTERISTICS OF PETROLEUM PRODUCTS (COLLECTIVELY THE 'ENVIRONMENTAL LAWS'). THE FAILURE OF PRODUCT TO CONFORM TO THE REQUIREMENTS OF SUCH ENVIRONMENTAL LAWS SHALL EXCUSE BUYER FROM FURTHER PERFORMANCES UNDER THIS CONTRACT AND SHALL ENTITLES BUYER TO RETURN THE PRODUCT TO SELLER OR TAKE SUCH OTHER STEPS AS ARE REASONABLY NECESSARY TO COMPLY WITH THE ENVIRONMENTAL LAWS.

SELLER SHALL INDEMNIFY AND HOLD BUYER HARMLESS FROM AND AGAINST ANY AND ALL LOSS, COST, DAMAGE, PENALTY AND EXPENSE (INCLUDING REASONABLE ATTORNEY'S FEES) SUFFERED OR INCURRED BY BUYER RELATING IN ANY WAY TO SELLER'S BREACH OF ITS WARRANTIES UNDER THIS CONTRACT OR TO

 **ASTRA OIL COMPANY LLC**

301 Main Street, Suite 201 ♦ Huntington Beach, California 92648
Telephone 714-969-6569 ♦ Fax 714-969-8687 ♦ Telex 6736788 ♦ Email houstonops@astraoil.com

TRANSPORTATION, STORAGE, HANDLING, DISPOSAL OR OTHER USE OF THE PRODUCT ATTRIBUTABLE TO SELLER'S FAILURE TO COMPLY WITH THE ENVIRONMENTAL LAWS, UNLESS SUCH LIABILITY RESULTS FROM BUYERS NEGLIGENCE OR WILLFUL MISCONDUCT.

BUYER SHALL INDEMNIFY AND HOLD SELLER HARMLESS FROM ANY AND ALL LOSS, COST, DAMAGE, PENALTY AND EXPENSE (INCLUDING REASONABLE ATTORNEY'S FEES) SUFFERED OR INCURRED BY SELLER RELATING IN ANY WAY TO BUYER'S BREACH OF ITS WARRANTIES UNDER THIS CONTRACT OR TO TRANSPORTATION, STORAGE, HANDLING, DISPOSAL OR OTHER USE OF THE PRODUCT ATTRIBUTABLE TO BUYER'S FAILURE TO COMPLY WITH THE ENVIRONMENTAL LAWS, UNLESS SUCH LIABILITY RESULTS FROM SELLER'S NEGLIGENCE OR WILLFUL MISCONDUCT.

EACH PARTY SHALL MAINTAIN THE RECORDS REQUIRED BY THE ENVIRONMENTAL LAWS AND SHALL MAKE SUCH RECORDS AVAILABLE TO THE OTHER PARTY UPON ITS REQUEST. EACH PARTY ALSO SHALL IMMEDIATELY NOTIFY THE OTHER PARTY IN WRITING OF ANY VIOLATION OR ALLEGED VIOLATION WITH RESPECT TO THE PRODUCT THAT IS SUBJECT TO THIS TRANSACTION AND, UPON REQUEST, SHALL PROVIDE THE OTHER PARTY WITH ALL EVIDENCE OF ENVIRONMENTAL INSPECTIONS OR AUDITS BY ANY GOVERNMENT AGENCY WITH RESPECT TO THE PRODUCT.

(29) OTHER TERMS/CONDITIONS:

WHERE NOT CONTRARY TO THE FOREGOING SPECIFIC TERMS, THIS CONTRACT TO BE OTHERWISE GOVERNED BY INCOTERMS 2000 TERMS AND CONDITION FOR FOB TERMS, AND OR THE LATEST ISSUES WITH SUBSEQUENT AMENDMENTS.

THANK YOU FOR CONCLUDING THIS TRANSACTION WITH US. PLEASE ADVISE WITHIN 48 HOURS IF YOU DO NOT AGREE WITH ANY OF THE ABOVE TERMS AND CONDITIONS, OTHERWISE, WE ASSUME YOU ARE IN FULL AGREEMENT. THIS AGREEMENT AND THE WRITTEN PARTICULARS RELATING HERETO CONSTITUTE THE ENTIRE UNDERSTANDING OF THE PARTIES RELATING TO THE TRANSACTION CONTEMPLATED HEREIN. ANY ADDITIONAL TERMS OR AMENDMENTS TO THIS AGREEMENT SHALL BE CONSTRUED AS PROPOSALS TO AMEND THIS AGREEMENT UNLESS EXPRESSLY AGREED TO BY WRITTEN CONFIRMATION.

(30) CONTACT:

```
COMMERCIAL: CLAY WALKER
OFFICE     : 713-243-8120
MOBILE     : 713-824-2963
EMAIL      : petehem@astraoil.com

FINANCIAL  : MELODY LAMONT
OFFICE     : 714-969-6569
FAX        : 714-969-1439
EMAIL      : acctg@astraoil.com

OPERATIONS : DEBBIE FARMER
OFFICE     : 713-357-0650
FAX        : 714-969-1439
MOBILE     : 713-557-9061
EMAIL      : dfarmer@astraoil.com

DEMURRAGE  : SHANE IRVIN
```



## ASTRA OIL COMPANY LLC
301 Main Street, Suite 201 • Huntington Beach, California 92648
Telephone 714-969-6569 • Fax 714-969-8687 • Telex 6736788 • Email houstonops@astraoil.com

```
OFFICE   : 713-357-0658
FAX      : 714-969-1439
EMAIL    : demurrage@astraoil.com
```

ASTRA OIL COMPANY LLC

# EXHIBIT B

**Jim Textor**

**From:** Shaw, Kristi [kshaw@astraoil.com]
**Sent:** Wednesday, November 21, 2012 12:42 PM
**To:** private thomas
**Subject:** FW: Bookout confirmation / Astra ref: 63038 / 84856

---

**From:** Kevin Callahan [mailto:kcallahan@hydrosyntec.com]
**Sent:** Tuesday, October 23, 2012 8:22 AM
**To:** Farmer, Debbie
**Cc:** acctg
**Subject:** Re: Bookout confirmation / Astra ref: 63038 / 84856

Great Thanks Debbie.

--- On Tue, 10/23/12, Farmer, Debbie <dfarmer@astraoil.com> wrote:

From: Farmer, Debbie <dfarmer@astraoil.com>
Subject: Bookout confirmation / Astra ref: 63038 / 84856
To: "'Kevin Callahan'" <kcallahan@hydrosyntec.com>
Cc: "acctg" <acctg@astraoil.com>
Date: Tuesday, October 23, 2012, 7:35 AM

Hi Kevin,

Effective the 26th is fine with us.

Best regards,

Debbie

**From:** Kevin Callahan [mailto:kcallahan@hydrosyntec.com]
**Sent:** Tuesday, October 23, 2012 8:20 AM
**To:** Petchem
**Subject:** Re: Bookout confirmation / Astra ref: 63038 / 84856

Hi Debbie,

1

Sorry for the delayed response. I am ok, with the book but if I may suggest the effective date the 26th. Let me know if you are ok with the date.

Thanks,

Kevin

--- On Mon, 10/22/12, Petchem <*Petchem@astraoil.com*> wrote:

From: Petchem <Petchem@astraoil.com>
Subject: Bookout confirmation / Astra ref: 63038 / 84856
To: "Kevin Callahan (kcallahan@hydrosyntec.com)" <kcallahan@hydrosyntec.com>
Cc: "acctg" <acctg@astraoil.com>
Date: Monday, October 22, 2012, 9:55 AM

Hello Kevin,

Please find below our bookout confirmation acceptance request.

| | |
|---|---|
| Astra Nominates: | Bookout |
| Product: | Benzene |
| Quantity: | Exactly 840,000 gallons |
| Location: | Houston, TX |
| Effective Date: | October 23, 2012 |
| Parties: | Astra / Hydro Syntec / Astra |

Please confirm your acceptance of the above bookout / title transfer by return email.

Best regards,

Debbie Farmer

Operations

2